### W. J. MOORE v. C. G. VOGEL.

#### Application No. 2567.

### WILLIAM THOMPSON ET AL. v. C. G. VOGEL.

#### Application No. 2568. Decided March 8, 1900.

**1.   Result Approved—Grounds for Refusing Writ of Error Stated.**

Applications for writs of error in these cases are refused on the ground that title to the land for which the notes sued on were given was not defective,—without passing upon the questions discussed in the opinion of the Court of Civil Appeals. (P. 425.)

**2.   Administrator's Sale.**

See findings of fact by trial court, for administrator's sale and deed held to convey good title. (Pp. 419-422, 425.)

APPLICATIONS for writ of error to the Court of Civil Appeals for the First District, in an appeal from Harris County.

The suits were each brought upon notes given for the purchase money of land, and were defended on the ground of defect in the title of the vendor. The trial court found that there was no defect and gave judgment for plaintiff. The Court of Civil Appeals affirmed on the ground that defendants did not show themselves to be in a position to avail themselves of such defect. Moore v. Vogel, 22 Texas Civ. App., 235.

The findings of the trial court on the issue as to title were as follows:

First. On the 18th day of March, 1862, the State of Texas patented to William R. Wilson, assignee Houston Tap & Brazoria Railroad Company, by patent No. 23, volume 12, 640 acres of land located in Harris County, Texas.

Second. On the 7th day of March, 1866, William R. Wilson in consideration of $2053, received, to his full satisfaction, of William Carnes, conveyed said 640 acres of land to William Carnes.

Third. William Carnes conveyed said land to D. F. Harrar by a

deed dated October 3, 1868, said deed containing the following recitals: "In consideration of notes surrendered and secured to my full satisfaction of F. D. Harrar, as administrator of the estate of W. R. Wilson, have granted, bargained, sold, and conveyed unto D. F. Harrar, administrator, his heirs and assigns, the following named property or parcel of land lying and situated in Harris County, in said State, namely, 640 acres of land, the location and boundaries of which are fully specified in the patent issued by the State of Texas, No. 23, volume 12, to William R. Wilson, as assignee of Houston Tap & Brazoria Railroad Company, which patent is duly recorded in book of deeds in Harris County, in volume 1, pages 1 and 2, to have and to hold the above described property unto said administrator, his heirs and assigns, forever, free from the claims of all persons claiming or to claim the same or any part thereof, by, through, or under me." That said deed, while it bore date on the 3d day of October, 1868, was not acknowledged by the grantor, but had two attesting witnesses, namely, D. S. Kelsey and D. Morgan. That on the 31st day of July, 1875, D. Morgan, one of the attesting witnesses, proved the execution of the same before a notary public for Galveston County, and said deed was recorded on the 2d day of August, 1875.

Fourth. That on the 4th day of December, 1868, said W. R. Wilson died, and on the 20th day of January, 1870, Frank D. Harrar filed his application for letters of administration on the estate of said Wilson; on the 31st day of January, 1870, he was by the probate court appointed administrator of said estate and duly qualified as such; that on the 27th day of December, 1872, the administrator filed his inventory of the estate, upon which was placed the 640 acres of land, H. T. & B. survey, patent No. 23, volume No. 12.

Fifth. On the 15th day of January, 1875, the probate court of Galveston County entered the following order:

"This day came on to be heard the application of Frank D. Harrar, administrator of said estate, praying for an order of sale of all the real property belonging to said estate to pay the debts thereof, said property being known and described as follows, to wit. [Here follows a list of all property of estate except H. T. & B. section, patent No. 23, volume 12.] And it appearing to the court that due and legal notice of the filing of said application has been given as required by law, and no objections thereto having been made or filed, and the said application having been heard and duly considered by the court; and it appearing therefrom that a portion of said above described land has heretofore been sold under an order of this court, and said sale duly confirmed, and that the purchasers at said sale have wholly failed to comply with the terms thereof; and it further appearing that a sale of the property of said estate is necessary in order to raise means to pay the debts thereof. It is thereupon considered by the court and so ordered and decreed, that said application be granted, and that the said Frank D. Harrar, administrator as aforesaid, be and he is hereby ordered and

directed to make sale of so much of said above described property only as will be sufficient to raise means enough to discharge all the debts of said estate and to pay the costs of administration thereof, reserving the right to and herein authorizing the said administrator, however, to offer the whole of said land for sale if it be found that the sale of any portion of it be not sufficient to meet the purposes aforesaid; that said sale be made at public auction before the courthouse door of the respective counties where the said land is situated, on some legal sale day, in the hours prescribed by law. And that the purchaser or purchasers at said sale be required to give their notes, with approved personal sureties, and a mortgage upon the property sold, to secure the payment of the purchase money, and that the said administrator do make report of his action in the premises to this court."

Sixth. On the 20th day of December, 1875, Frank D. Harrar, administrator of the estate of William R. Wilson, filed his report of sale of property of the estate, which showed that he had sold the 640 acres of land in Harris County to C. G. Vogel, for $99.20, and asked a confirmation of the sale, said report containing the following statement:

"And the administrator shows to the court that he applied for an order of sale of all the real estate of said estate, and publication was made for said application of all of said real estate to pay debts; that the tract of 640 acres was sold by him 7th December, 1875, specified as 640 acres of land in Harris County, Texas, Houston Tap & B. R. Railway Co., grantee, patent No. 23, volume No. 7, was omitted to be specified in the application of sale which authorized the sale, if necessary, of all the real estate belonging to said estate, and he says the said 640 acres is duly inventoried and appraised at $160, and belongs to said estate, and was duly advertised with the other lands in Harris County for sale on the first Tuesday in December, 1875, and was sold as aforesaid, and that this sale with the other prior sales made have not realized enough to pay the debts and expenses of administration."

That said [report] describes the property as being patent No. 23, volume 7, but in fact patent No. 23, volume 12, was the correct description of the land that was intended to be conveyed, and I further find as a fact, it having been agreed to by the parties, that the land patented to Wilson, assignee of H. T. & B., by patent No. 23, volume No. 12, was the only section of land in Harris County that was patented to him as assignee of the H. T. & B. Railroad.

Seventh. On the 21st day of December, 1875, the probate court upon said report made the following order:

"This day came on to be heard the report of sales of lands and personal property of said estate of F. D. Harrar, administrator thereof, situated in the county of Harris, State of Texas, heretofore ordered by the court to be sold. And the said report having been heard and fully considered by the court, and it appearing therefrom that the following described property has been sold by said administrator, to wit, 640 acres of land in Harris County, Houston Tap & Brazoria Railroad

Company, grantee, patent No. 25, volume No. 7; that said sale was made at public auction before the courthouse door of said county of Harris on the first Tuesday of December, A. D. 1875, upon a credit of six months, and that the same was fairly made, in accordance with law and full compliance with the orders of this court in this behalf made, and that the said purchaser has fully complied with the terms of said sale. It is thereupon considered by the court, and so ordered and decreed, that said report be received and approved and duly entered of record; that said sale be approved and in all things affirmed, and the said administrator is ordered to make due conveyance of said property to said purchaser."

Eighth. F.. D. Harrar, as administrator of the estate of William R. Wilson, executed to C. G. Vogel a deed conveying 740 acres of land in Harris County, .Texas, Houston Tap & Brazoria Railroad Company, described as patent No. 23, volume 7.

Conclusions of Law.—From the foregoing facts I conclude the title to the land conveyed by Vogel to Holcomb vested in Vogel by the deed from F. D. Harrar, administrator,.to Vogel, and that the plaintiff is entitled to recover the amount sued for with foreclosure of lien as against all of the defendants.

*D. F. Rowe*, for appellant.—The order of sale made and entered by the probate court of Galveston County on the 15th day of January, 1875, did not authorize the administrator of the estate of Wm. R. Wilson to sell the land described in the deed from Vogel to Holcomb, nor described in the deed from Harrar, administrator, to Vogel. Pasch. Dig., arts. 5701, 5475; Bartley Heirs v. Harris, 7 S. W. Rep., 797; Ball v. Collins, 5 S. W. Rep., 622, 82 Texas, 259.·

If an order of sale can be presumed at all under the law of 1870, it can only be presumed in the absence or silence of the record. It can not be presumed against the record. The probate record of sales of real estate by the administrator, and that which gives him authority to sell, are, the application to sell, its exhibits, and the order of sale, and when these show that the court has transcended its authority under the statutes, the purchaser is charged with notice thereof, and is not protected by the presumption generally indulged in in favor of such orders. Crawford v. McDonald, 33 S. W. Rep., 325; McNally v. Haynes, 59 Texas, 583; James v. Barr, 60 Texas, 697; Burks v. Bennett, 62 Texas, 280; Gillenwaters v. Scott, 62 Texas, 673; Goforth v. Longworth, 4 Ohio, 129.

While under the law of 1870 it was not necessary to describe the property ordered to be sold, that is, an order of sale of all the property, or an order of sale for so much as necessary for a certain purpose, would be sufficient; yet when the order to sell was "all the real property belonging to the said estate, said property being known and described as follows, to wit," then following a particular description of all the real property except the piece in controversy, would be a general description,

followed by a particular description, and the particular description would cover all the property that the administrator would be authorized to sell under the said order.　Cullers v. Platt, 16 S. W. Rep., 1003; 2 Devlin on Deeds, sec. 1039.

When a general description is followed by a particular description it limits the description to those things particularly described; and where parol evidence may be admitted to explain the description, it would not be admissible to engraft anything to or upon the particular description following the general description, for this would be prohibited under the law of 1870, requiring all orders to be recorded and declaring them void if not recorded.

Under the probate law of 1870 the sale under order of the court by an administrator had to be made and reported before the next term of the court.　The District Court of Galveston County at this time had two terms a year, and commenced on the eleventh Monday after the third Monday in March and October, and while a confirmation of a sale cures all defects and irregularities it adds nothing to the authority of the administrator to make the sale, and a sale by an administrator after the expiration of the authority to make said sale is a nullity.　1 Pasch. Dig., Laws, art. 1525, page 378; Tippett v. Mize, 30 Texas, 362; Rorer on Judicial Sales, sec. 489, pp. 205, 206; Gaines v. New Orleans, 6 Wall., 714, 642; 11 Am. and Eng. Enc. of Law, 2 ed., 1103, note; 12 Id., 1 ed., 219, note 4; Stafford v. Harris, 82 Texas, 178.

A collateral attack is one upon the record; in other words, to show that the record does not speak the truth; but where the record shows that a sale was not made as the law directs, that is, within the time the administrator was authorized to make the sale the sale is void.　Page v. Fishback, 31 S. W. Rep., 424; McNalley v. Haynes, 59 Texas, 583.

As the deed shows by the statement contained in it, taken in connection with the findings of fact, that the administrator attempted to make a sale of the land described in the deed, under an order of sale for land not described in the deed, the deed should have been excluded and judgment rendered for the defendants, for an order of sale is necessary to give an administrator authority to sell land, for if it is sold without such order of sale it is a personal act of the administrator and void. Todd v. Caldwell, 10 Texas, 241; Barrett v. Bank, 78 Texas, 222; Shriver's Lessee v. Lynn, 2 Howard, 44; 2 Daniel's Ch. Prac., 1275.

The purchaser looks to the order of sale to know what the administrator's authority to sell is, and where there is an order of sale to sell all the property of an estate, and there follows a particular description of the property he is authorized to sell, he is charged with notice that the administrator is authorized to sell the property particularly described only, for when a general expression is expressly followed by a particular description the particular description can not be enlarged by the general expression of quantity.　Buford v. Gray, 51 Texas, 334; Dalton v. Rust, 22 Texas, 134; Parker v. Kane, 22 Howard, 1.

In probate sales the policy of the law requires, not that there should

exist the means of showing at some future time what is otherwise indefinite and uncertain, but that at the time of the sale it should be within the power of all who are, by the notice, to become purchasers to know what was offered, and that it should not be left to be guessed or surmised what the officer intended to convey, at some future time. Hermann v. Likens, 39 S. W. Rep., 282.

In the administrator's deed the land should be described with sufficient certainty to enable anyone inspecting it to identify it and to know what has been sold, and an inherent insufficient description can not be aided by extrinsic evidence tending to prove what the administrator intended to sell. Hermann v. Likens, 39 S. W. Rep., 282.

*Fisher, Sears & Sherwood,* for appellee.—If the law in force at the time this sale was made required an order of sale to appear on record before an administrator could sell, where his action in selling was confirmed by the court, then we say one was shown. The order was to sell all the property of the estate. This was followed by descriptions supposed to include all property of the estate. As the particular description of the property did not include all, the court had the right to and did correct the description in the judgment so as to make it conform to the real judgment rendered. Trammell v. Trammell, 25 Texas Supp., 269; Houston v. Blythe, 71 Texas, 719; Blum v. Neilson, 59 Texas, 379; Chambers v. Hodges, 3 Texas, 517; Ximenes v. Ximenes, 43 Texas, 463.

This correction and judgment having been had by the court, its action can not be reviewed or avoided collaterally. It will be presumed that it found the facts to exist which gave it power and caused it to act. Lyne v. Sanford, 19 S. W. Rep., 847; Murphy v. DeFrance, 16 S. W. Rep., 861; Hamilton v. Seitz, 25 Pa. St., 226; Martin v. Robinson, 3 S. W. Rep., 552; Kramer v. Breedlove, 3 S. W. Rep., 561; Crawford v. McDonald, 33 S. W. Rep., 325.

As this property was sold to pay the debts of the estate of W. R. Wilson, his heirs and those claiming under them could not recover without tendering and paying the amount paid by the purchaser. Halsey v. Jones, 86 Texas, 491.

The court did not err in holding that the deed from F. D. Harrar to C. G. Vogel vested title in Vogel. Harrar acquired his title to the property prior to the death of Wilson, and no conveyance from him appears to any one except Vogel. It is true this deed is signed F. D. Harrar, "Adm. of estate of Wm. R. Wilson," but these words must be taken to have been used descriptio personae. There is nothing to show that the estate owned the land, and if the probate proceedings are insufficient, it would be immaterial, for Harrar, the real owner of the title, made the deed and is bound by it. Whether Harrar held the title for himself or in trust is immaterial, his conveyance passed the title. Roundtree v. Stone, 81 Texas, 300; Dooley v. Montgomery, 72 Texas, 431; Gayle v. Ennis, 1 Texas, 184; Rider v. Duval, 28 Texas, 624;

Lipscomb v. Ward, 2 Texas, 278; Claiborne v. Yoeman, 15 Texas, 44; Butler v. Robertson, 11 Texas, 142; Railway v. Gentry, 69 Texas, 631.

Under the sixth assignment appellants make the contention, in accordance with their objection to the deed from Harrar, administrator, to Vogel, that the land described in the deed was not the land described in the petition. The court's findings show that the land sold was amply identified with that described in the petition. Hermann v. Likens, 90 Texas, 452.

GAINES, CHIEF JUSTICE.—In refusing the applications for writ of error in this case, we deem it proper to say that we concur in the conclusion of the trial judge, that the sale of the land by Harrar, administrator, to Vogel passed the title of the intestate to the latter, and that we have not found it necessary to pass upon the other questions discussed in the opinion of the Court of Civil Appeals. The applications for writ of error are refused.